SEDGWICK LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
*stephanie.sheridan@sedgwicklaw.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*anthony.anscombe@sedgwicklaw.com*
MEEGAN B. BROOKS, State Bar No. 298570
*meegan.brooks@sedgwicklaw.com*
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendant
AM RETAIL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RAMOS, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AM Retail Group, Inc., a Delaware Corporation; and DOES 1-100,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>[Originally San Francisco County Superior Court Case No. CGC 16-552324] |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

**PLEASE TAKE NOTICE** that Defendant AM Retail Group, Inc. ("AMRG"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California.

**I.　INTRODUCTION**

　　1.　This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy

83598424v1

exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

**II. BACKGROUND**

2. On June 1, 2016, Plaintiff Maria Ramos, purportedly on behalf of herself and all others similarly situated, filed a civil action in the San Francisco Superior Court entitled *Maria Ramos, et al. v. AM Retail Group, Inc.*, San Francisco County Superior Court, Case No. GCG 16-552324. (*See* Exhibit A, which includes the summons, Complaint and all of the documents served on AMRG.) AMRG has not been served with any other process or pleading, nor is it aware of the filing of any other process or pleading.

3. The Complaint, which is styled as a class action, purports to bring claims under California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200, *et seq.*; California's False Advertising Law ("FAL"), Business & Professions Code § 17500, *et seq.*; and the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq*. (Complaint ¶ 13.) Plaintiff's Complaint arises from a purported transaction at a Bass store located in Folsom, California, in Sacramento County. *Id*. ¶ 17.

4. The proposed putative class consists of "[a]ll individuals who, in the State of California, purchased any item at one of Defendants' [sic] outlet or factory stores located in the State of California during the four (4) year period preceding the filing of this Class Action Complaint, and who did not subsequently return the purchased item to Defendants (the 'Class')." (Complaint ¶ 31.) Plaintiff also proposes a CLRA subclass, which has identical features to the Class, but includes only individuals that purchased merchandise from AMRG's California outlet stores during the three year period preceding the commencement of this Action. *Id*.

5. Plaintiff served the Complaint upon AMRG by personal service on June 29, 2016. *See* Exhibit A, page 45.

6. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of Plaintiff's claim for relief. AMRG reserves the right to supplement and amend this Notice of Removal.

83598424v1

-2-
NOTICE OF REMOVAL

### III. REQUIREMENTS FOR REMOVAL UNDER CAFA

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

### IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

#### A. The Number of Proposed Class Members Exceeds 100

8. The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable," but does not identify the number of class members. (Complaint ¶ 32.)

9. According to Plaintiff's Complaint, the putative class is "[a]ll individuals who, in the State of California, purchased any item at one of Defendants' [sic] outlet or factory stores located in the State of California during the four (4) year period preceding the filing of this Class Action Complaint, and who did not subsequently return the purchased item to Defendants." (Complaint ¶ 31.)

10. The Complaint clearly pleads that more than 100 individuals from the State of California purchased merchandise from an AMRG outlet store in California during the putative class period. The size of the putative class thus well exceeds 100 members.

#### B. The Amount in Controversy Exceeds $5 Million

11. Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in her Complaint, and does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. See *Cain v. Hartford Life*

83598424v1

-3-
NOTICE OF REMOVAL

*& Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."). Here, taking Plaintiff's allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000.

12. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14;

13. Plaintiff seeks restitution of "all of monies spent" associated with AMRG's allegedly unfair pricing practices during the last four years. (Complaint ¶¶ 53, 60.) Given the number of outlet stores owned by AMRG, the volume of sales in each store, and the number of potential class members who made purchases at those outlet stores, the amount in controversy exceeds $5,000,000.

14. Additionally, the Complaint states that Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages (Complaint ¶ 66), each of which are properly included in the calculation for determining the amount in controversy. The CLRA provides for statutory penalties of not less than $1,000 per violation. Cal. Civ. Code § 1780(a)(1).

83598424v1

15. Plaintiff also seeks an award of attorney's fees. (Prayer for Relief ¶ g.) This amount should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of 10 the common fund). Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000.

16. Plaintiff also seeks injunctive relief. The potential cost of compliance with a request for injunctive relief may be considered when calculating the amount put in controversy under CAFA. *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9 (E.D. Cal. April 22, 2008) (noting that under CAFA, the amount put in controversy includes defendants' potential cost of compliance with a request for injunctive relief); *see also* James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the plaintiff class members or to the defendants"). The costs to comply with an injunction could potentially be significant and Plaintiff's request for injunctive relief further takes the amount in controversy over the statutory threshold. *See* 28 U.S.C. § 1332(d)(2).

17. While Plaintiff's claim for restitution, in itself, puts the amount in controversy above $5,000,000, the actual, punitive and statutory damages; attorney's fees; and injunctive relief requested by Plaintiff make clear that this requirement is satisfied.

**C.    Minimum Diversity Exists**

18. The minimal diversity standard of CAFA is met as long as any one defendant is a citizen of a different state than any of the named plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of California. (Complaint ¶ 17.)

19. For purposes of diversity, a corporation is deemed to be a citizen of" (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). AMRG is a Delaware corporation with its principal executive offices in

83598424v1

Minnesota. (Complaint ¶ 18.) Thus, AMRG is a citizen of Minnesota and Delaware, and no other state.

20. Thus, minimal diversity if satisfied because Plaintiff is a citizen of a state (California) different from AMRG (Minnesota and Delaware).

### D. No CAFA Exceptions Apply

21. The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

22. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the Superior Court of the State of California for the County of San Francisco is located within the Northern District of California.

23. This Notice of Removal is timely because it was filed within thirty days of June 29, 2016, the date on which AMRG was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

24. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other documents served on AMRG are attached as Exhibit A.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the Superior Court for the County of San Francisco. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff.

/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION

AMRG respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

DATED: July 29, 2016            SEDGWICK LLP

By:  /s/ Stephanie A. Sheridan
     Stephanie A. Sheridan
     Anthony J. Anscombe
     Meegan B. Brooks
     Attorneys for Defendant
     AM RETAIL GROUP, INC.

83598424v1