Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
**STONEBARGER LAW**
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

Thomas A. Kearney, State Bar No. 90045
tak@kearneylittlefield.com
Prescott W. Littlefield, State Bar No. 259049
pwl@kearneylittlefield.com
**KEARNEY LITTLEFIELD LLP**
3436 N. Verdugo Rd, Suite 230
Glendale CA 91208
Telephone  (213) 473-1900
Facsimile   (213) 473-1919

*Attorneys for Plaintiff Maria Ramos and the Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA RAMOS, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>AM Retail Group, Inc., a DELAWARE Corporation; and DOES 1-100, inclusive,<br><br>                    Defendants. | CASE NO. 2:16-CV-01842-MCE-KJN<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200,** *et seq.*<br><br>2. **Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500,** *et seq.*<br><br>3. **Violations of California Consumer Legal Remedies Act ("CLRA"); Civ. Code § 1750,** *et seq.*<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Assigned to: Hon. Morrison C. England, Jr. |

Plaintiff Maria Ramos, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and by and through her attorneys against Defendant AM Retail Group, Inc. ("Defendant") as follows:

## I.

## **INTRODUCTION**

1. This is a class action regarding Defendant's false and misleading advertisement of "market" prices, and corresponding phantom "savings" on fashion apparel sold in its "Outlet" or "Factory" stores.

2. According to Defendant, AM Retail Group, Inc. owns and operates, among other entities, G.H. Bass &Co. stores. Defendant's webpages says the following about G.H. Bass & Co.: "Established in 1876 by George Henry Bass of Wilton, Maine, G.H. Bass & Co. began with a man on a simple mission – 'to make the very best handcrafted shoe.' Since its inception, Bass's reputation for quality, comfort and durability have paved the way for defining moments in American history. As the official aviation boot of the U.S. Army in World War I, to Charles A. Lindbergh's choice for the first solo transatlantic flight from NY to Paris, to outfitting pop culture icons, Bass remains the #1 choice for adventurers and American heroes. Today, Bass continues George Henry's simple mission, and remains a truly iconic brand, rich in heritage and tradition, that embodies classic American style. In the true spirit of our legacy, we continue to find new ways to combine the classics with the contemporary, proving that *a true original is always in demand*."

3. As part of its retail operations, Defendant operates several "outlet" style stores throughout the State of California, as well as the rest of the United States.

4. "Outlet" stores, also known as "factory outlets", are commonly understood by the public to be selling the same merchandise that the manufacturer typically sells at its retail stores, but at a discount. According to the Business Insider, "[t]he common assumption about outlet stores is that you're getting the same goods that are in a regular retail store without the big price tag." *See http://www.businessinsider.com/outlet-stores-arent-a-good-deal-2014-5*.

STONEBARGER LAW
A Professional Corporation

1

FIRST AMENDED CLASS ACTION COMPLAINT

5. But today, outlet stores typically sell *different* merchandise than their retail counterparts, without informing customers that this is the case. The Federal Trade Commission ("FTC") felt that the practice needed to be brought to the attention of consumers, issuing a warning in March 2014 that the merchandise sold at outlet stores can be manufactured exclusively for the outlet and be of inferior quality than that sold in the manufacturer's non-outlet or non-factory store locations. *See https://www.ftc.gov/news-events/press-releases/2014/03/ftc-advice-how-shop-wisely-outlet-malls.*

6. While the FTC felt that the need to warn customers about the different, inferior products sold at outlet stores or factory stores, companies, such as Defendant, actually take advantage of the public's misconceptions about outlets and falsely compare their inferior outlet products to the higher-end retail products sold in their non-outlet or non-factory store locations in order to induce customers to purchase the "discounted" products.

7. In this case, Defendant has misled consumers by advertising items at discounted prices ("savings") by placing placards with its products sold at its California outlet locations that provide consumers with a price that appears to be a prior price that is stuck-out, and a substantially lower, "sale" price, is listed. For example, Defendant's website shows the following image:



1  The reality, however, is that the price struck-out on items sold at Defendant's outlet locations is
2  not reflective of the price at which the items at the outlet store have been or are being sold.
3  Rather, the struck-out price is an inflated price that other, different, and superior products,
4  bearing the manufacturer's logo, are being sold for at normal, retail locations.  The "comparison"
5  made by Defendant's "discount" representation is truly one of apples to oranges, and any
6  "savings" are illusory.

7  8. For example, the above-depicted shoe is not sold by Defendant's normal, retail
8  stores, and is only available through outlet stores and the online "Factory Outlet" G.H. Bass &
9  Co. store.  Indeed, no shoe of a similar style is sold by Defendant under the G.H. Bass & Co.
10 brand, and especially not for "$95.00".

11 9. Defendant's practice has been specifically addressed by the FTC.  In the Code of
12 Federal Regulations, under Title 16, which addresses Commercial Practices ("Guide Against
13 Deceptive Pricing"), the FTC specifically states:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price..

20 16 C.F.R. 233.1(a).

21 10. In addition, under California law, specifically California Business and Professions
22 Code Section 17501, entitled "*Value determinations; Former price advertisement*," when a
23 retailer presents purported reduced "sale" prices and compares those prices to former, "original"
24 prices, the purported "original" or "market" price must have been the prevailing market retail
25 price of the article so advertised within the three months next immediately preceding the
26 publication of the advertised former prices.

27 11. The unlawful practice described above, utilized by Defendant and others, has
28 caused a growing concern for consumer watchdogs.  In early 2014, four members of Congress

STONEBARGER LAW
A Professional Corporation

3
FIRST AMENDED CLASS ACTION COMPLAINT

1  wrote a letter to the FTC requesting that it look into claims that merchants may be selling lower

2  quality items produced specifically for their outlet stores without properly informing consumers

3  about the difference between those items and the higher-quality products found in regular retail

4  stores.  *See www.whitehouse.senate.gov/news/release/sens-and-rep-to-ftc-outlet-stores-may-be-*

5  *misleading-consumers.*

6      12.    Plaintiff herein alleges that under California law, the purported "market price"

7  advertised in Defendant's California outlet store locations never existed and/or did not constitute

8  the prevailing market retail prices for such products within the three months next immediately

9  preceding the publication of the sales tag.  By representing that there is a difference between the

10  "sale price" and the struck-out price Defendant is engaging in a false advertising campaign

11  calculated to lure consumers into purchasing products they believe are significantly discounted.

12      13.    Through its false and misleading marketing, advertising and pricing scheme

13  Defendant has violated, and continues to violate, California law prohibiting advertising goods for

14  sale as discounted from former prices, when in fact, such representations are false and

15  misleading. Specifically, Defendant violated, and continues to violate, California's Business &

16  Professions Code §§ 17200, *et seq* (the "UCL"), California's Business & Professions Code §§

17  17500, *et seq* (the "FAL"), and the California Consumers' Legal Remedies Act, California Civil

18  Code §§1750, *et seq* (the "CLRA").

19      14.    Plaintiff brings this action on behalf of herself and other similarly situated

20  consumers who have purchased one or more items at Defendant's outlet stores that were

21  deceptively represented as discounted from false prices.  Plaintiff, on behalf of herself and all

22  other similarly situated individuals, seeks to stop the practice of falsely giving the public the

23  impression that "outlets" are providing them with significant savings, when, in fact, the outlets

24  are really just selling a company's own "knock-off", inferior products that truly are worth less

25  than the original, higher-quality retail items offered for sale by the company.  By comparing the

26  low quality products to the price of the higher-quality originals, Defendant is deceiving the

27  public and is breaking the law.  Plaintiff seeks an order certifying this as a class action, giving

28  restitution and damages to the Class, and enjoining Defendant from continuing with its false-

information campaign.

## II.
## JURISDICTION AND VENUE

15. Defendant removed this case on July 29, 2016.  This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2) and 1453(b).

16. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because Defendant has conducted business in the County of Sacramento sufficient to establish personal jurisdiction over it in this District..

## III.
## PARTIES

**A.  Plaintiff Maria Ramos**

17. Plaintiff resides in El Dorado County, California.  Plaintiff is an individual.

**B.  Defendant AM Retail Group, Inc.**

18. Defendant AM Retail Group, Inc., is a Delaware corporation with its principal executive offices in Minnesota.

## IV.
## FACTUAL BACKGROUND

19. On April 13, 2016, Plaintiff, in reliance on Defendant's false and deceptive advertising, marketing and "discount" pricing schemes, purchased, among others, a pair of shoes – Bass Kester's (depicted above) – for approximately $22.49 at an outlet store in Folsom, California.  The shoes have UPC number 400682461722.

20. The in-store display directly beneath the Kester shoes had a price display showing a price of $95.00.  That price had a red slash mark over it and the word "SALE" was part of the sign.  A second price point of $29.99 was displayed as the then-current "sale" price.  The difference between the $29.99 price and ultimate purchase for $22.49 was on account of an additional discount of 25% applied at the cash register.

21. Many other products on the shelves of Defendant's store had similar signage, with a substantially higher price depicted, a red strike-out over that price and then a lower "sale" price

1   being offered.

2       22.    Plaintiff observed the signage adjacent to the shoes and relied on the discounted
3   price from $95 to under $30.00 in deciding that the shoes were a bargain.

4       23.    Relying upon Defendant's misrepresentations and false and deceptive advertising
5   and believing that she was receiving a significant value, Plaintiff decided to purchase the shoes
6   and proceeded to the cash register where she did in fact purchase the shoes.

7       24.    Plaintiff would not have purchased the shoes without the misrepresentations made
8   by Defendant.  As a result, Plaintiff has been personally victimized by and suffered economic
9   injury as a direct result of Defendant's unlawful, unfair and fraudulent conduct.

10      25.    Defendant knows that its comparative price advertising is false, deceptive,
11  misleading and unlawful under California law.

12      26.    Defendant fraudulently concealed from and intentionally failed to disclose to
13  Plaintiff and other members of the proposed Class the truth about the advertised price and former
14  prices.

15      27.    At all relevant times, Defendant has been under a duty to Plaintiff and the
16  proposed Class to disclose the truth about the false discounts.

17      28.    Plaintiff relied upon Defendant's artificially inflated pricing and false discounts
18  when purchasing her shoes at Defendant's outlet stores.  Plaintiff would not have made such a
19  purchase but for Defendant's representation of a purported discount which caused Plaintiff to
20  reasonably believe that she was receiving a substantial discount and was making a bargain
21  purchase.

22      29.    Plaintiff and the Class reasonably and justifiably acted and relied on the
23  substantial price differences that Defendant advertised, and made purchases believing that they
24  were receiving a substantial discount on an item of greater value than it actually was.  Plaintiff,
25  like other Class members, was lured in, relied on, and damaged by these pricing schemes that
26  Defendant carried out.

27      30.    Defendant intentionally concealed and failed to disclose material facts regarding
28  the truth about its price advertising in order to entice Plaintiff and the proposed Class to purchase

STONEBARGER LAW
A Professional Corporation

products in their California outlet locations and online.

## V.

## **CLASS ALLEGATIONS**

31. Plaintiff brings this Action as a class action pursuant to Federal Rule of Civil Procedure Rule 23. The Class is sufficiently numerous since it is estimated to include thousands of members throughout California, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to the parties and the Court. Plaintiff purports to represent a Class and Subclass as follows:

> Class: All individuals who, in the State of California, purchased any item at one of Defendant's outlet or factory stores located in the State of California during the four (4) year period preceding the filing of this Class Action Complaint, and who did not subsequently return the purchased item to Defendant (the "Class").
>
> CLRA Subclass: All individuals who, in the State of California, purchased any item at one of Defendant's outlet or factory stores located in the State of California during the three (3) year period preceding the filing of this Class Action Complaint through the present, and who did not subsequently return the purchased item to Defendant (the "CLRA Subclass").[1]

Excluded from the Class are Defendant, its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendant. Plaintiff reserves the right to expand, limit, modify, or amend these class definitions, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

32. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery and from records maintained by Defendant and its agents. Specifically, Defendant keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs, co-branded credit cards and general marketing programs. Defendant has one or more databases through which a significant majority

---

[1] Plaintiff is a representative and member of both the Class and the CLRA Subclass. Because all members of the CLRA Subclass are also members of the Class, both will be referred to as the "Class" unless otherwise noted.

of Class members may be identified and ascertained, and they maintain contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

33. **Ascertainable Class:** The Class is ascertainable in that each Member can be identified using information contained in Defendant's records. In addition, the Class is defined based on objective characteristics.

34. **Common Questions of Law or Fact Predominate:** There is a well-defined community of interest in the questions of law and fact affecting the Class. The questions of law and fact common to the Class predominate over questions that may affect individual Class Members. These questions of law and fact include, but are not limited to, the following:

    a. Whether, during the Class Period, Defendant used false "original prices" or misleading price labels and falsely advertised price discounts on the products sold in their California retail outlet stores;

    b. Whether, during the Class Period, the prices advertised by Defendant were the prevailing market prices for the respective products during the three month period preceding the dissemination and/or publication of the advertised "retail prices";

    c. Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code Section 17200;

    d. Whether Defendant engaged in false or misleading advertising in violation of California Business and Professions Code Section 17500;

    e. Whether Defendant engaged in unfair competition or deceptive acts or practices in violation of the Consumers' Legal Remedies Act;

    f. Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

    g. Whether an injunction is necessary to prevent Defendant from continuing to use false, misleading or illegal price comparisons, discounts, or fabricated "retail prices".

35. **Numerosity:** The Class is so numerous that the individual joinder of all Members is impractical under the circumstances of this case. While the exact number of

Members of the Class is unknown to Plaintiff at this time, Plaintiff is informed and believes the Class consists of at least hundreds of persons. Individual joinder of Members of the Class is also impracticable because the individual Members are disbursed throughout California.

36. **Typicality:** Plaintiff and the Class Members' claims for restitution and damages arise from and were caused by Defendant's wrongful conduct. Because Plaintiff was deceived by the same deceptive false pricing scheme as all other Class Members, and because Defendant knowingly put false price discounts on the products in its stores, Plaintiff is asserting claims that are typical of the claims of each Member of the Class. Plaintiff is like all other Class Members because Plaintiff suffered the same injuries as those suffered by the Class. Since Plaintiff's claims and the claims of Class Members all derive from a common nucleus of operative facts, Plaintiff is asserting claims that are typical of the claims of the entire Class.

37. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other Members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the Members of the Class and the infringement of the rights and the damages Plaintiff has suffered are typical of all other Members of the Class. Plaintiff has retained competent counsel, experienced in class action litigation and employment law and intend to prosecute this action vigorously.

38. **Superiority:** The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

    a. The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

    b. If each Class member was required to file an individual lawsuit, the Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class member with vastly superior financial and legal resources;

   c. The costs of individual suits could unreasonably consume the amounts that would be recovered;

   d. Proof of a common factual pattern that Plaintiff experienced is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and

   e. Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

39. Plaintiff and Class members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide substantial benefits to Plaintiff, the Class and the public because, absent this action, Plaintiff and Class members will continue to suffer losses, thereby allowing Defendant's violations of law to proceed without remedy, and allowing Defendant to retain proceeds of its ill-gotten gains.

40. All Class members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that the represented "retail prices" were in existence.  Due to the scope and extent of Defendant's consistent false price advertising scheme, disseminated in a years-long campaign to California consumers via a number of different platforms – in-store displays, print advertisements, and the like – it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class members, including, Plaintiff, affirmatively acted in response to the representations contained in Defendant's false advertising scheme when purchasing merchandise at Defendant's outlet stores.

**VI.**
**FIRST CAUSE OF ACTION**
**Violation Unfair Competition Law**
**Business and Professions Code § 17200** *et seq.*
**(On Behalf of the Class Against Defendant)**

41. Plaintiff and the Class incorporate by reference each and every paragraph of this Class Action Complaint as if fully set forth herein.

42. The UCL prohibits any business practice that is "unlawful, unfair or fraudulent", as well as any "unfair, deceptive, untrue or misleading" advertising.

43. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

44. Defendant's actions constitute "unfair" business acts or practices because, as alleged above, Defendant engaged in misleading and deceptive price comparison advertising that represented false prices that were fabricated so that Defendant could represent phantom markdowns. Defendant's acts and practices offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

45. The harm to Plaintiff and Class members outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein. Thus, Defendant's conduct, as alleged herein, is unfair under the UCL.

46. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

47. Defendant's acts and practices alleged above have deceived Plaintiff and are likely to deceive members of the public. 16 C.F.R. 233.1 explains the use of a price discounts as follows:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price..

16 C.F.R. 233.1(a).

48. California law also expressly prohibits false pricing schemes. California Business and Professions Code Section 17501 entitled "*Value determinations; Former price*

*advertisement*," states:

> For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> ***No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement*** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

49. Plaintiff relied on Defendant's fraudulent and deceptive representations regarding the prices it represented and the corresponding "discounts" for the items that Defendant sells at its outlet stores. Plaintiff relied upon these misrepresentations to her detriment, they were a substantial cause in influencing Plaintiff's decision to purchase her product, and Plaintiff would not have purchased the product but for Defendant's misrepresentations.

50. Thus, Defendant's conduct, as alleged herein, is "fraudulent" under the UCL.

51. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

52. As detailed in Plaintiff's Third Cause of Action, California Civil Code Section 1770(a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

53. Defendant's practices, as set forth herein, are misleading and will continue to mislead in the future. Consequently, Defendant's practices constitute unlawful business practices within the meaning of the UCL.

54. Defendant's violation of the UCL through its unlawful, unfair and fraudulent business practices are ongoing and present a continuing threat that members of the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "regular" prices to "sale" prices. Plaintiff and the class are entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as restitution to Plaintiff and the Class of all of monies spent associated with the unfair competition, or such

portion of those monies as the Court may find equitable.

## VII.

### SECOND CAUSE OF ACTION
**Violation of the California False Advertising Law,
California Business & Professions Code § 17500, *et seq.*
(On Behalf of the Class Against Defendant)**

55. Plaintiff and the Class incorporate by reference each and every paragraph of this Class Action Complaint as if fully set forth herein.

56. California Business and Professions Code section 17500 (the "FAL") provides that "[i]t is unlawful for any…corporation…with intent…to dispose of…personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is <u>untrue</u> or <u>misleading</u>, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…."

57. The "intent" required by the FAL is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

58. As stated above, the FAL provides: "[N]o price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price…within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

59. Defendant's advertising of discounted prices based upon false price as to its outlet store products and online Factory Outlet products were false and misleading misrepresentations as such purported prices were never the true prevailing prices for the goods sold by Defendant at its California outlet locations. Therefore, this advertising was, and is, an unfair, untrue and misleading practice. This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually

13

STONEBARGER LAW
A Professional Corporation

1   were and were worth more than they actually were.

2       60.    Defendant misled consumers by making untrue and misleading statements and
3   failing to disclose what is required as stated in California Business and Professions Code Section
4   17500 *et seq.*, as alleged herein.

5       61.    As a direct and proximate result of Defendant's misleading and false
6   advertisements, Plaintiff has suffered injury in fact and has lost money.  As such, Plaintiff
7   requests that this Court order Defendant to restore to Plaintiff and all members of the Class all
8   monies Defendant wrongfully received, and to enjoin Defendant from continuing these unfair
9   practices in violation of the FAL in the future.  Otherwise, Plaintiff, Class members and the
10  broader general public will be irreparably harmed and/or denied an effective and complete
11  remedy.

## VIII.

### THIRD CAUSE OF ACTION
**Violation of the Consumers Legal Remedies Act ("CLRA"),
California Civil Code § 1750, *et seq.*
(On Behalf of the CLRA Subclass Against Defendant)**

15      62.    Plaintiff and the CLRA Subclass incorporate by reference each and every
16  preceding paragraph of this Class Action Complaint as if fully set forth herein.

17      63.    This cause of action is brought pursuant to the Consumers Legal Remedies Act
18  ("CLRA"), codified in California Civil Code Section 1750, *et seq*.  Plaintiff and each member of
19  the proposed CLRA Subclass are "consumers" as defined by California Civil Code § 1761(d).

20      64.    Defendant's sale of the products at its factory outlet stores to Plaintiff and the
21  Class were "transactions" within the meaning of California Civil Code § 1761(e).

22      65.    The products purchased by Plaintiff and the Class are "goods" within the meaning
23  of California Civil Code § 1761(a).

24      66.    Defendant violated, and continue to violate, the CLRA by engaging in the
25  following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff
26  and the CLRA Subclass which were intended to result in, and did result in, the sale products:

27      a.    Advertised goods or services with intent not to sell them as advertised
28  (Cal. Civ. Code Section 1770(a)(9)); and

   b. Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions (Cal. Civ. Code Section 1770(a)(13)).

67. Pursuant to Section 1782(a) of the CLRA, on May 18, 2016, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of Section 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. Defendant failed to respond to Plaintiff's letter by agreeing to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by Section 1782.

68. Defendant's actions in violating the CLRA were done with oppression, fraud, or malice, as Defendant knew that its false discounts were false when Defendant made the representations.

## IX.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and on behalf of the other members of the Class and CLRA Subclass, requests that this Court award relief against Defendant as follows:

   a. An order certifying the Class and CLRA Subclass and designating Plaintiff as the Class Representative and her counsel as Class Counsel;

   b. Awarding Plaintiff and the proposed CLRA Subclass damages;

   c. Awarding restitution of all monies that Defendant obtained from Plaintiff and the Class that may have resulted from its unlawful, unfair and fraudulent business practices described herein;

   d. Awarding declaratory and injunctive relief as permitted by law or equity, including: (i) enjoining Defendant from continuing the unlawful practices as set forth herein; and (ii) directing Defendant to identify, with Court supervision, victims of their misconduct and pay them all money they are required to pay;

   e. Order Defendant to engage in a corrective advertising campaign;

   f. Awarding punitive damages;

g.  Awarding attorneys' fees and costs pursuant to the CLRA (Cal. Civ. Code § 1780(e)) and Cal. Civ. Proc. Code § 1021.5; and

h.  For such other and further relief as the Court may deem necessary or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all of the claims so triable.

Dated:  September 6, 2016         STONEBARGER LAW, APC
                                  KEARNEY LITTLEFIELD, LLP


                                  By:  /s/ Richard D. Lambert
                                       Richard D. Lambert
                                       *Attorneys for the Plaintiff and the Class*