| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | UNITED STATES DISTRICT COURT |
| 11 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 12 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA RAMOS,

    Plaintiff,

v.

AM RETAIL GROUP, INC.,

    Defendant.

No. 2:16-cv-01842-TLN-AC

ORDER

This matter is before the Court pursuant to Defendant AM Retail Group, Inc.'s ("Defendant") motion to dismiss. (ECF No. 14.) Plaintiff Maria Ramos ("Plaintiff") opposes the motion. (ECF No. 16.) Having carefully considered the parties' submissions, the Court hereby remands the action to the Superior Court of California, County of San Francisco.

**I.    ANALYSIS**

The instant action was originally filed in Superior Court of California, County of San Francisco. (*See* Not. of Removal, ECF No. 1 at 2.) Defendant removed this action to the United States District Court for the Northern District of California pursuant to the general removal statute, 28 U.S.C. § 1441. (ECF No. 1 at 1, 3.) Days later, the parties stipulated to its transfer to

1

the United States District Court for the Eastern District of California.[1]  (ECF No. 8.)

The general removal statute permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Removal is proper under § 1441 only if the district court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case cannot be removed if the plaintiff lacks Article III standing. *Patton v. Experian Data Corp.*, Case No. SACV 15-1871 JVS (PLAx), 2016 WL 2626801, at *6 (C.D. Cal. May 6, 2016). Moreover, in a putative class action, such as this, removal is not permitted if the named plaintiff does not have standing. *Id.*; *see generally O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* at 773–74 (internal alterations and quotation marks omitted); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

Defendant advances several arguments in support of its motion to dismiss. The Court

---

[1] The parties agree they "attempted to effectuate a transfer through the state court system by filing a stipulation to transfer this case from the San Francisco Superior Court to the Sacramento Superior Court." (*See* ECF No. 8 at 2.) The parties indicate that a transfer order had been issued by the San Francisco Superior Court but had not yet been processed by the Sacramento Superior Court at the time of removal. (ECF No. 8 at 2.) Accordingly, the parties stipulated to the transfer of this action to this Court after the filing of the Notice of Removal. (*See* ECF No. 8 at 3.)

need only address one.  Defendant contends that a federal court may not decide this case because Plaintiff does not have Article III standing.  (ECF No. 14 at 23; ECF No. 17 at 8–10.)  In doing so, Defendant reminds the Court that "proponents of subject-matter jurisdiction bear the burden of establishing its existence."  (ECF No. 17 at 9.)  In effect, Defendant contends this Court should "presume *lack* of jurisdiction" until the proponent satisfies its burden.  (ECF No. 17 at 9 (emphasis retained).)  Ultimately, Defendant argues not only that this Court does not have subject matter jurisdiction, but that the Court should find the proponent has not met its burden to show that it does.  (ECF No. 14 at 23; ECF No. 17 at 8–10.)

This case is only in federal district court because Defendant has removed it.  That is, *Defendant* is the proponent of this Court's subject matter jurisdiction.  Thus, it is *Defendant's burden* — not Plaintiff's — to show this Court has subject matter jurisdiction.  Crediting Defendant's argument as to standing, without deciding that it is correct, Defendant plainly has not carried its burden to show this Court has subject matter jurisdiction.  Accordingly, remand to state court is appropriate.  *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196, 1199 (9th Cir. 2016) (finding remand to state court to be the appropriate remedy where it could not be said with "absolute certainty" that remand would be futile and noting "state courts are not bound by the constraints of Article III").

## II. CONCLUSION

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of San Francisco.

IT IS SO ORDERED.

Dated: March 29, 2018

                                          Troy L. Nunley
                                          United States District Judge